1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CARLSON LYNCH SWEET**
**KILPELA & CARPENTER, LLP**
Todd D. Carpenter (CA 234464)
402 West Broadway, 29th Floor
San Diego, California 92101
Telephone: (619) 756-6994
Facsimile: (619) 756-6991
tcarpenter@carlsonlynch.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTANY COVELL, on behalf of herself and all others similarly situated,<br><br>         Plaintiff,<br><br>v.<br><br>NINE WEST HOLDINGS, INC., a Delaware corporation, and DOES 1 through 50, inclusive,<br><br>        Defendant. | Case No.: **'17CV1371 H JLB**<br><br>**CLASS ACTION COMPLAINT**<br><br> **1. Violation of California's Unfair Competition Laws ("UCL"); California Business & Professions Code Sections 17200, *et seq.*;**<br><br> **2. Violation of California's False Advertising Laws ("FAL"); California Business & Professions Code Sections 17500, *et seq.*;**<br><br> **3. Violations of California Consumer Legal Remedies Act ("CLRA"); California Civil Code Sections 1750, *et seq.***<br><br>  **[DEMAND FOR JURY TRIAL]** |

   Plaintiff Brittany Covell ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendant NINE WEST HOLDINGS, INC. ("Nine West"), and states:

1

CLASS ACTION COMPLAINT

## I.    NATURE OF ACTION

1.    "If everyone is getting a deal, is anyone really getting a deal?"[1]  This class action targets Nine West's unlawful, unfair, and fraudulent business practice of advertising fictitious prices and corresponding phantom discounts on their Nine West outlet store merchandise.  This practice of false reference pricing occurs where a retailer fabricates a fake regular, original, and/or former reference price, and then offers an item for sale at a deep "discounted" price.  The result is a sham price disparity that misleads consumers into believing they are receiving a good deal and induces them into making a purchase.  Retailers drastically benefit from employing a false reference-pricing scheme and experience increased sales.

2.    The California legislature prohibits this misleading practice. The law recognizes the reality that consumers often purchase merchandise marketed as being "on sale" purely because the proffered discount seemed too good to pass up.  Accordingly, retailers have an incentive to lie to customers and advertise false sales.  The resulting harm is tangible—the bargain hunter's expectations about the product she purchased is that it has a higher perceived value and she may not have purchased the product but for the false savings.

3.    Nine West utilizes false and misleading reference prices in the marketing and selling of Nine West merchandise at its outlet stores.  Nine West advertises its merchandise for sale by attaching a price tag on the item that sets forth a regular "SUGG. RETAIL" price and a fictitious "OUR PRICE" discounted price.[2] *See e.g.* Exhibit A. The "SUGG.

---

[1] David Streitfeld, *It's Discounted, but is it a Deal? How List Prices Lost Their Meaning*, New York Times, https://www.nytimes.com/2016/03/06/technology/its-discounted-but-is-it-a-deal-how-list-prices-lost-their-meaning.html, (March 6, 2016), last accessed April 28, 2017.

[2] In approximately late 2016, Defendant changed its practice and stopped utilizing the descriptions "SUGG. RETAIL" to describe the reference price and "OUR PRICE" to describe the sale price on the price tag for all merchandise items. In its place, Defendant started describing the reference price as the "ORIGINAL" price and the sale price as the

CLASS ACTION COMPLAINT

RETAIL" price is substantially discounted to create the "OUR PRICE" sale price, which is depicted, sometimes in red print, immediately below the "SUGG. RETAIL" price. *See id.* The "OUR PRICE" price represents the savings the customer is purportedly saving off the "SUGG. RETAIL" reference price by purchasing the product. Occasionally, Defendant will offer a deeper discount off the "OUR PRICE" price, resulting in a greater misleading price disparity.

4.     However, the "SUGG. RETAIL" price is a total fiction. The merchandise sold at Nine West outlet stores is created specifically for Nine West outlet stores. Thus, the only market price for the Nine West outlet store merchandise is the price at which the merchandise is sold in the Nine West outlet stores.

5.     The Nine West outlet store merchandise is <u>never</u> offered for sale, nor actually sold, at the represented "SUGG. RETAIL" price. Thus, the "SUGG. RETAIL" price is false and is used exclusively to induce consumers into believing that the merchandise was once sold at the "SUGG. RETAIL" price and from which the false and discount and corresponding sale price is derived. Nine West's deceptive pricing scheme has the effect of tricking consumers into believing they are receiving a significant deal by purchasing merchandise at a steep discount, when in reality, consumers are paying for merchandise at its regular or original retail price.

6.     The advertised discounts are fictitious because the regular reference price, or the "SUGG. RETAIL" price, does not represent a *bona fide* price at which Nine West previously sold a substantial quantity of the merchandise for a reasonable period of time as required by the Federal Trade Commission ("FTC"). In addition, the represented "SUGG. RETAIL" price was not the prevailing market retail price within the three months

"NOW" price. The "ORIGINAL" price description of the reference price is equally misleading because the Nine West outlet merchandise is not sold anywhere other than at the Nine West Outlet stores. In short, it is a false comparison.

immediately preceding the publication of the advertised former "SUGG. RETAIL" price, as required by California law.

7.    Through its false and misleading marketing, advertising, and pricing scheme, Nine West violated and continues to violate, California and federal law prohibiting advertising goods for sale as discounted from former prices that are false, and prohibiting misleading statements about the existence and amount of price reductions.  Specifically, Nine West violated and continues to violate: California's Unfair Competition Law, Business and Professions Code §§ 17200, *et seq.* (the "UCL"); California's False Advertising Law, Business and Professions Code §§ 17500, *et seq.* (the "FAL"); the California Consumer Legal Remedies Act, Civil Code §§ 1750, *et seq.* (the "CLRA"); and the Federal Trade Commission Act ("FTCA"), which prohibits "unfair or deceptive acts or practices in or affecting commerce" (15 U.S.C. § 45(a)(1)) and false advertisements (15 U.S.C. § 52(a)).

8.    Plaintiff brings this action on behalf of herself and other similarly situated consumers who have purchased one or more Nine West merchandise at Defendant's Nine West outlet stores that were deceptively represented as discounted from false former "SUGG. RETAIL" prices.  Plaintiff seeks to halt the dissemination of this false, misleading, and deceptive pricing scheme, to correct the false and misleading perception it has created in consumer's minds, and to obtain redress for those who have purchased merchandise tainted by this deceptive pricing scheme.  Plaintiff also seeks to enjoin Nine West from using false and misleading misrepresentations regarding retail price comparisons in their labeling and advertising permanently.  Further, Plaintiff seeks to obtain damages, restitution, and other appropriate relief in the amount by which Nine West was unjustly enriched as a result of its sales of merchandise offered at a false discount.

9.    Finally, Plaintiff seeks reasonable attorneys' fees pursuant to California Code of Civil Procedure § 1021.5, as this lawsuit seeks the enforcement of an important right affecting the public interest and satisfies the statutory requirements for an award of attorneys' fees.

CLASS ACTION COMPLAINT

## II.    JURISDICTION AND VENUE

10.    This Court has original jurisdiction of this Action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).  The matter in controversy, exclusive of interests and costs, exceeds the sum or value of $5,000,000 and at least some members of the proposed Class have a different citizenship from Nine West.

11.    The Southern District of California has personal jurisdiction over the defendant named in this action because Nine West is a corporation or other business entity authorized to conduct and does conduct business in the State of California.  Nine West is registered with the California Secretary of State to do sufficient business with sufficient minimum contacts in California, and/or otherwise intentionally avails itself of the California market through the ownership and operation of approximately 15 outlet stores in California.

12.    Venue is proper under 28 U.S.C. § 1391(b)(2) because Nine West transacts substantial business in this District.  A substantial part of the events giving rise to Plaintiff's claims arose here.

## III.    PARTIES

### Plaintiff

13.    Brittany Covell is a San Diego County resident.  Plaintiff, in reliance on Defendant's false and deceptive advertising, marketing, and "discount" pricing scheme, purchased a pair of Nine West Stefao snakeskin printed, pointed-toe high heels (the "heels") for approximately $44.50, exclusive of tax, on or around April 16, 2016 at a Nine West outlet store located at the Carlsbad Premium Outlets in San Diego, California 92008. Plaintiff went shopping in order to buy a new pair of shoes for herself.  When she entered the Nine West store, she observed the heels and examined the price tag sticker on the bottom of the heels. The price tag advertised that the heels had a "SUGG. RETAIL" price of $89.00 and an "OUR PRICE" price of $44.50. The price tag that Plaintiff observed looked similar to the price tag depicted in Exhibit A.

14.    Plaintiff believed she was receiving a significant discount—specifically, Plaintiff believed the heels she was purchasing were recently offered for sale at the Nine West Outlet store for the advertised "SUGG. RETAIL" price of $89.00.   However, Defendant never sold the heels in any Nine West outlet store at the "SUGG. RETAIL" price of $89.00 in the 90 days preceding Plaintiff's purchase.   The heels that Plaintiff purchased had been continuously and substantially discounted for at least several months, and possibly longer, according to Plaintiff's counsel's investigation. Defendant uses the false or severely outdated "SUGG. RETAIL" regular price as a means to deceive Plaintiff into believing that she was getting a good deal and a steep discount on the heels she purchased.  Therefore, Plaintiff did not receive the benefit of the bargain and was damaged by purchasing the heels.

15.    Plaintiff would not have purchased the heels without the misrepresentations made by Defendant.  As a result, Plaintiff has been personally victimized by and suffered economic injury as a direct result of Defendant's unlawful, unfair, and fraudulent conduct.

16.    Defendant knows that its comparative pricing advertising is false, deceptive, misleading, and unlawful under California law.

17.    Defendant fraudulently concealed from and intentionally failed to disclose to Plaintiff and other members of the proposed class the truth about their advertised price and former prices.

18.    At all relevant times, Defendant has been under a duty to Plaintiff and the proposed class to disclose the truth about its false discounts.

19.    Plaintiff relied upon Defendant's artificially inflated market price and false discount when purchasing the heels at Defendant's outlet store.  Plaintiff would not have made such purchase but for Defendant's representations of fabricated "SUGG. RETAIL" prices and false discounted "OUR PRICE" prices.

20.    Plaintiff and the Class reasonably and justifiably acted and relied on the substantial price differences that Defendant advertised (*i.e.,* "SUGG. RETAIL" price vs. "OUR PRICE" price), and made purchases believing that they were receiving a substantial

CLASS ACTION COMPLAINT

1    discount on an item of greater value than it actually was.  Plaintiff, like other class

2    members, was lured in, relied on, and damaged by these pricing schemes that Defendant

3    carried out.

4         21.    Defendant intentionally concealed and failed to disclose material facts

5    regarding the truth about its false former pricing in order to provoke Plaintiff and the

6    proposed class to purchase Nine West merchandise in its outlet stores.

7         **Defendant**

8         22.    Plaintiff is informed and believes, and upon such information and belief

9    alleges, Defendant Nine West Holdings, Inc. is a privately held Delaware corporation with

10    its headquarters located at 180 Rittenhouse Circle, Bristol, Pennsylvania 19007.  Defendant

11    maintains the Nine West brand, a fashion line of women's clothing, shoes, handbags, and

12    other accessories.   Defendant operates Nine West retail and outlet stores and the

13    ninewest.com website, and advertises, markets, and sells its merchandise in California and

14    throughout the United States.

15         23.    Plaintiff does not know the true names or capacities of the persons or entities

16    sued herein as DOES 1-50 inclusive, and therefore sues such Defendants by such fictitious

17    names.  Plaintiff is informed and believes, and upon such information and belief alleges,

18    that each of the DOE Defendants is in some manner legally responsible for the damages

19    suffered by Plaintiff and the Class members, as alleged herein.  Plaintiff will amend this

20    Complaint to set forth the true names and capacities of these Defendants when they have

21    been ascertained, along with appropriate charging allegations, as may be necessary.

22    **IV.    FACTUAL BACKGROUND**

23         **The Fraudulent Sale Discounting Scheme**

24         24.    Nine West is a worldwide iconic fashion brand, specializing in the sale of

25    trendy footwear, clothing, and accessories for women. The Nine West brand is owned by

26    parent company Nine West Holdings, Inc., a privately owned corporation with a presence

27    in over 78 countries. Nine West directly markets its merchandise to consumers in the State

28    of California and throughout the United States via its in-store advertisements and its e-

7

commerce website (www.ninewest.com). Nine West sells its own branded merchandise at its retail stores, outlet stores, and through its e-commerce website.  This case involves only the Nine West branded merchandise sold at Nine West's outlet stores.

25.    The Nine West merchandise sold in the Nine West outlet stores are exclusively sold at the Nine West outlet stores and it is not sold anywhere else.  Thus, there is no other market for the Nine West outlet store merchandise other than at Defendant's Nine West outlet stores.

26.    Nine West engages in a scheme to defraud its customers by perpetually discounting its merchandise in its outlet stores.  Nine West consistently advertises its merchandise with a regular "SUGG. RETAIL" price and a corresponding "OUR PRICE" sale price.  The "SUGG. RETAIL" price conveys to the customer the purported regular price of the item.  The "OUR PRICE" sale price conveys to the customer a deeply discounted price at which the item is presently being offered for sale.  The two prices (the "SUGG. RETAIL" price and the "OUR PRICE" price) are conveyed to consumers on the price tags.  The price tags are white stickers with black and red handwriting and approximately 2" x 1 ½" in size.  *See e.g.* Exhibit A. Occasionally, Nine West runs a promotion of "___% Off Entire Store," which is advertised on a red placard. *See e.g.* Exhibit L.

27.    However, at no time is the Nine West outlet store merchandise ever offered for sale anywhere at the "SUGG. RETAIL" price.  The "SUGG. RETAIL" price is merely a false reference price, which Nine West utilizes to deceptively manufacture a deeply discounted sale price referred to as the "OUR PRICE" price on the merchandise sold at the Nine West outlet stores during the class period.

28.    This practice is not accidental.  Rather, this practice is a fraudulent scheme intended to deceive consumers into: 1) making purchases they otherwise would not have made; and/or 2) paying substantially more for merchandise consumers believed was heavily discounted and thus, worth more than its actual value.

29.     Retailers, including Nine West, understand that consumers are susceptible to a good bargain, and therefore, Nine West has a substantial interest in lying in order to generate sales.  A product's "regular," "original," or "market" price matters to consumers because it serves as a baseline upon which consumers perceive a product's value.  In this case, Nine West has marked its merchandise with an "SUGG. RETAIL" price, which it intends to be the equivalent of a "regular' or "market" price.  The "SUGG. RETAIL" price conveys to consumers, including Plaintiff, "the product's worth and the prestige that ownership of the product conveys."  *See Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1106 (9th Cir. 2013) (citing Dhruv Grewal & Larry D. Compeau, Comparative Price Advertising: Informative or Deceptive?, 11 J. Pub. Pol'y & Mktg. 52, 55 (Spring 1992) ("By creating an impression of savings, the presence of a higher reference price enhances subjects' perceived value and willingness to buy the product."); *id.* at 56 ("[E]mpirical studies indicate that as discount size increases, consumers' perceptions of value and their willingness to buy the product increase, while their intention to search for a lower price decreases.").

30.     Nine West's pricing advertisements uniformly include both the false regular price (the "SUGG. RETAIL" price) with a corresponding discount price ("OUR PRICE" price) displayed on the price tags on the merchandise.  This uniform scheme intends to and does provide misinformation to the customer.  This misinformation communicates to consumers, including Plaintiff, that the Nine West outlet store products have a greater value than the advertised "OUR PRICE" sale price.

31.     As the Ninth Circuit recognizes, "[m]isinformation about a product's 'normal' price is . . . significant to many consumers in the same way as a false product label would be."  *See Hinojos,* 718 F.3d at 1106.

///

///

///

CLASS ACTION COMPLAINT

**Plaintiff's Investigation**

32.    Plaintiff's investigation of Nine West revealed that Nine West's outlet store merchandise is priced uniformly.  That is, Nine West merchandise sold at Nine West outlet stores bears a price tag with a false "SUGG. RETAIL" price and a substantially discounted "OUR PRICE" sale price.  Plaintiff's investigation confirmed that Nine West's heels were priced with false "SUGG. RETAIL" prices and corresponding "OUR PRICE" prices in the 90-day period immediately preceding Plaintiff's purchase of her heels. Defendant's deceptive pricing practice remains uniform even after Defendant changed the language on the price tag to advertise the "ORIGINAL" price and "NOW" price.

33.    Since 2016, Plaintiff's investigation cataloged the pricing practices at two Nine West outlet stores in San Diego County, including: Carlsbad Premium Outlets 5630 Paseo Del Norte, Carlsbad, California 92008 ("Carlsbad") and Shops at Las Americas, 4155 Camino De La Plaza, San Ysidro, California 92173 ("Las Americas").  The false "SUGG. RETAIL" price and corresponding purported "OUR PRICE" pricing scheme was both uniform and identical at all stores investigated.  For example, Plaintiff's investigation revealed the following items were continuously discounted at the stores indicated:

| Item | "SUGG. RETAIL" Price | "OUR PRICE" Price | Continuously discounted from (at least) | Discounted through (at least) | Stores Observed | Photo Exhibit |
|---|---|---|---|---|---|---|
| Nine West Fireball Black Suede Heeled Ankle Bootie with Fringes | $149.00 | $99.00, discounted to $49.99 | February 2016 | Over 90 days | Las Americas Carlsbad | A |
| Nine West Sasafras Cheetah Print High Heels | $99.00 | $69.99, discounted to $49.99 | February 2016 | Over 90 days | Las Americas Carlsbad | B |

CLASS ACTION COMPLAINT

| Item | "ORIGINAL" Price | "NOW" Price | Continuously discounted from (at least) | Discounted through (at least) | Stores Observed | Photo Exhibit |
|---|---|---|---|---|---|---|
| Nine West Chillax Gold Sandal Wedge | $89.99 | $59.99 | February 2016 | Over 90 days | Las Americas Carlsbad | C |
| Nine West Briagd Sand Lace Up Heeled Ankle Bootie | $109.00 | $69.99, discounted to $59.99 | March 2016 | Over 90 days | Las Americas Carlsbad | D |
| Nine West Adeline Bluesu Closed-Toe Block Pump | $89.00 | $59.99 | February 16, 2017 | Present | Las Americas | E |
| Nine West Gigio Whitesy Open-Toe Heel w/ Ankle Strap | $89.00 | $49.99 | February 16, 2017 | Present | Carlsbad | F |
| Abee Wine Knee-High Heeled Boot | $179.00 | $49.99 | February 16, 2017 | Over 90 days | Las Americas | G |
| Axwell Pewter Open-Toe Heel w/ | $89.00 | $19.99 | February 16, 2017 | Present | Carlsbad | H |

11

CLASS ACTION COMPLAINT

| | | | | | | |
|---|---|---|---|---|---|---|
| Ankle Strap | | | | | | |
| Aniston Ruby Red St. Open-Toe Heel w/ Ankle Strap | $89.00 | $29.99 | February 16, 2017 | Present | Carlsbad | I |
| Zahina Tan FB Patterned Ankle Bootie | $119.00 | $79.99 | February 16, 2017 | Present | Carlsbad Las Americas | J |
| Somella Taupe Buckled Ankle Bootie | $139.00 | $59.99 | February 16, 2017 | Present | Carlsbad | K |

34.    The fraudulent pricing scheme applies to all Nine West outlet store merchandise offered on sale at every Nine West outlet store, including the heels purchased by Plaintiff on or about April 16, 2016.  By way of example, all items in the above referenced chart were offered at an "OUR PRICE" price substantially less than their "SUGG. RETAIL" price for every day Plaintiff's investigation was conducted and for well over 90 days at a time. Similarly, all items in the above referenced chart were offered at a "NOW" price substantially less than their "ORIGINAL" price for every day Plaintiff's investigation was conducted and for well over 90 days at a time.

**Plaintiff and the Class Are Injured by Nine West's Deceptive Pricing Scheme**

35.    The "SUGG. RETAIL" price listed and advertised on Nine West's outlet store products are fake reference prices, utilized only to perpetuate Nine West's fake discount scheme.

CLASS ACTION COMPLAINT

36.    Nine West knows that its comparative price advertising is false, deceptive, misleading, and unlawful under California and federal law.

37.    Nine West fraudulently concealed from and intentionally failed to disclose to Plaintiff and other members of the Class the truth about its advertised discount prices and former reference prices.

38.    At all relevant times, Nine West has been under a duty to Plaintiff and the Class to disclose the truth about its false discounts.

39.    Plaintiff relied upon Nine West's artificially inflated "SUGG. RETAIL" price and false "OUR PRICE" discount price when purchasing the heels from Nine West. Plaintiff would not have made such purchase but for Nine West's representations regarding the false "SUGG. RETAIL" price and the fictitious "OUR PRICE" price of the merchandise.  Plaintiff may in the future shop at Nine West's outlet stores.

40.    Plaintiff and the Class reasonably and justifiably acted and relied on the substantial price differences that Nine West advertised, and made purchases believing that they were receiving a substantial discount on an item of greater value than it actually was. Plaintiff, like other Class members, was lured in, relied on, and was damaged by the deceptive pricing scheme that Nine West carried out.

41.    Nine West intentionally concealed and failed to disclose material facts regarding the truth about false former price advertising in order to provoke Plaintiff and the Class to purchase merchandise in its Nine West outlet stores.

## V.    CLASS ALLEGATIONS

42.    Plaintiff brings this action on behalf of herself and all other similarly situated Class members pursuant to Rule 23 of the Federal Rules of Civil Procedure and seeks certification of the following Class against Nine West for violations of California state laws:

> All persons who, within the State of California and during the applicable statute of limitations period (the "Class Period"), purchased from a Nine West outlet store one or more products at discounts from the advertised "SUGG.

CLASS ACTION COMPLAINT

RETAIL" price and who have not received a refund or credit for their purchase(s).

Excluded from the Class are Nine West, as well as its officers, employees, agents, or affiliates, and any judge who presides over this action, as well as all past and present employees, officers, and directors of Nine West. Plaintiff reserves the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with her motion for class certification, or at any other time, based upon, *inter alia*, changing circumstances and/or new facts obtained during discovery.

43. ***Numerosity***: The class members are so numerous that joinder of all members is impracticable. Plaintiff is informed and believes that the proposed Class contains hundreds of thousands of individuals who have been damaged by Nine West's conduct as alleged herein. The precise number of Class members is unknown to Plaintiff.

44. ***Existence and Predominance of Common Questions of Law and Fact***: This action involves common questions of law and fact, which predominate over any questions affecting individual Class members. These common legal and factual questions include, but are not limited to, the following:

    a.    Whether, during the Class Period, Nine West used false "SUGG. RETAIL" price tags and falsely advertised price discounts on its outlet store products sold in its Nine West outlet stores;

    b.    Whether, during the Class Period, the "SUGG. RETAIL" prices advertised by Nine West were the prevailing market prices for the respective Nine West outlet store merchandise during the three months preceding the dissemination and/or publication of the advertised former prices;

    c.    Whether Nine West's alleged conduct constitutes violations of the laws asserted;

    d.    Whether Nine West engaged in unfair, unlawful, and/or fraudulent business practices under the laws asserted;

CLASS ACTION COMPLAINT

e.    Whether Nine West engaged in false or misleading advertising;

f.    Whether Plaintiff and Class members are entitled to damages and/or restitution and the proper measure of that loss; and

g.    Whether an injunction is necessary to prevent Nine West from continuing to use false, misleading, or illegal price comparison.

45.    *Typicality*: Plaintiff's claims are typical of the claims of the Class members because, *inter alia*, all Class members have been deceived (or were likely to be deceived) by Nine West's false and deceptive price advertising scheme, as alleged herein. Plaintiff is advancing the same claims and legal theories on behalf of herself and all Class members.

46.    *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Class members. Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff has no antagonistic or adverse interest to those of the Class.

47.    *Superiority*: The nature of this action and the nature of the laws available to Plaintiff and the Class make the use of the class action format a particularly efficient and appropriate procedure to afford relief to her and the Class for the wrongs alleged. The damages or other financial detriment suffered by individual Class members is relatively modest compared to the burden and expense that would be entailed by individual litigation of their claims against Nine West. It would thus be virtually impossible for Plaintiff and Class members, on an individual basis, to obtain effective redress for the wrongs done to them. Absent the class action, Class members and the general public would not likely recover, or would not likely have the chance to recover, damages or restitution, and Nine West will be permitted to retain the proceeds of its fraudulent and deceptive misdeeds.

48.    All Class members, including Plaintiff, were exposed to one or more of Nine West's misrepresentations or omissions of material fact claiming that former "SUGG. RETAIL" prices were in fact *bona fide*. Due to the scope and extent of Nine West's consistent false "discount" price advertising scheme, disseminated in a years-long campaign to California consumers, it can be reasonably inferred that such

misrepresentations or omissions of material fact were uniformly made to all members of the Class. In addition, it can be reasonably presumed that all Class members, including Plaintiff, affirmatively acted in response to the representations contained in Nine West's false advertising scheme when she purchased her heels at the Nine West outlet store.

49.    Nine West keeps extensive computerized records of its customers through, *inter alia*, customer loyalty rewards programs and general marketing programs. Nine West has one or more databases through which a significant majority of Class members may be identified and ascertained, and it maintains contact information, including email and home addresses, through which notice of this action could be disseminated in accordance with due process requirements.

## VI.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Violation of California's Unfair Competition Law ("UCL")**
**California Business & Professions Code Section 17200,** *et seq.*

50.    Plaintiff repeats and re-alleges the allegations contained in ever preceding paragraph as if fully set forth herein.

51.    The UCL defines "unfair business competition" to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. & Prof. Code § 17200.

52.    The UCL imposes strict liability. Plaintiff need not prove that Nine West intentionally or negligently engaged in unlawful, unfair, or fraudulent business practices—but only that such practices occurred.

*"Unfair" Prong*

53.    A business act or practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers, and that unfairness is determined by weighing the reasons, justifications, and motives of the practice against the gravity of the harm to the alleged victims.

54.     Nine West's actions constitute "unfair" business practices because, as alleged above, Nine West engaged in misleading and deceptive price comparison advertising that represented false "SUGG. RETAIL" prices and corresponding deeply discounted "OUR PRICE" prices.   The "SUGG. RETAIL" prices were nothing more than fabricated "regular" prices leading to phantom markdowns.  Nine West's acts and practices offended an established public policy of transparency in pricing, and engaged in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

55.     The harm to Plaintiff and Class members outweighs the utility of Nine West's practices.  There were reasonably available alternatives to further Nine West's legitimate business interests other than the misleading and deceptive conduct described herein.

**_"Fraudulent" Prong_**

56.     A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.

57.     Nine West's acts and practices alleged above constitute fraudulent business acts or practices as they have deceived Plaintiff and are highly likely to deceive members of the consuming public.   Plaintiff relied on Nine West's fraudulent and deceptive representations regarding its "SUGG. RETAIL" prices for products which Nine West sells exclusively at its Nine West outlet stores.  These misrepresentations played a substantial role in Plaintiff's decision to purchase those products at steep discounts, and Plaintiff would not have purchased those products without Nine West's misrepresentations.

**_"Unlawful" Prong_**

58.     A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

59.     Nine West's acts and practices alleged above constitute unlawful business acts or practices as they have violated state and federal law in connection with their deceptive pricing scheme.   The Federal Trade Commissions Act ("FTCA") prohibits "unfair or deceptive acts or practices in or affecting commerce" (15 U.S.C. § 45(a)(1)) and prohibits the dissemination of any false advertisements.  15 U.S.C. § 52(a).  Under the Federal Trade

Commission, false former pricing schemes, similar to the ones implemented by Nine West, are described as deceptive practices that would violate the FTCA:

(a) One of the most commonly used forms of bargain advertising is to offer a reduction from the advertiser's own former price for an article. If the former priced is the actual, bona fide price at which the article was offered to the public on a regular basis for a reasonably substantial period of time, it provides a legitimate basis for the advertising of a price comparison. Where the former price is genuine, the bargain being advertised is a true one. If, on the other hand, the former price being advertised is not bona fide but fictitious—*for example, where an artificial, inflated price was established for the purpose of enabling a subsequent offer of a large reduction—the "bargain" being advertised is a false one*; the purchaser is not receiving the unusual value he expects. In such a case, the "reduced" price is, in reality, probably just the seller's regular price.

(b) A former price is not necessarily fictitious merely because no sales at the advertised price were made. The advertiser should be especially careful, however, in such a case, that the price is one at which the product was openly and actively offered for sale, for a reasonably substantial period of time, in the recent, regular course of her business, honestly and in good faith—and, of course, not for the purpose of establishing a fictitious higher price on which a deceptive comparison might be based.

16 C.F.R. § 233.1(a) and (b) (emphasis added).

60. In addition to federal law, California law also expressly prohibits false former pricing schemes. California's False Advertising Law, Bus. & Prof. Code § 17501, ("FAL"), entitled *"Worth or value; statements as to former price,"* states:

For the purpose of this article the worth or value of any thing advertised is the prevailing market priced, wholesale if the offer is at wholesale, retail if the offer is at retail, at the time of publication of such advertisement in the locality wherein the advertisement is published.

*No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement* or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement.

1 | Cal. Bus. & Prof. Code § 17501(emphasis added).

2      61. As detailed in Plaintiff's Third Cause of Action below, the Consumer Legal Remedies Act, Cal. Civ. Code § 1770(a)(9), ("CLRA"), prohibits a business from "[a]dvertising goods or services with intent not to sell them as advertised," and subsection (a)(13) prohibits a business from "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions."

     62. The violation of any law constitutes an "unlawful" business practice under the UCL.

     63. As detailed herein, the acts and practices alleged were intended to or did result in violations of the FTCA, the FAL, and the CLRA.

     64. Nine West's practices, as set forth above, have misled Plaintiff, the proposed Class, and the public in the past and will continue to mislead in the future. Consequently, Nine West's practices constitute an unlawful, fraudulent, and unfair business practice within the meaning of the UCL.

     65. Nine West's violation of the UCL, through its unlawful, unfair, and fraudulent business practices, are ongoing and present a continuing threat that Class members and the public will be deceived into purchasing products based on price comparisons of arbitrary and inflated "SUGG. RETAIL" prices and substantially discounted "OUR PRICE" prices. These false comparisons created phantom markdowns and lead to financial damage for consumers like Plaintiff and the Class.

     66. Pursuant to the UCL, Plaintiff is entitled to preliminary and permanent injunctive relief and order Nine West to cease this unfair competition, as well as disgorgement and restitution to Plaintiff and the Class of all Nine West's revenues associated with its unfair competition, or such portion of those revenues as the Court may find equitable.

///

///

///

CLASS ACTION COMPLAINT

## SECOND CAUSE OF ACTION
### Violation of California's False Advertising Law ("FAL")
### California Business and Professions Code Section 17500, *et seq.*

67.    Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

68.    Cal. Bus. & Prof. Code § 17500 provides:

It is unlawful for any . . . corporation . . . with intent . . . to dispose of . . . personal property . . . to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated . . . from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement . . . which is ***untrue or misleading***, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . . (Emphasis added).

69.    The "intent" required by Section 17500 is the intent to dispose of property, and not the intent to mislead the public in the disposition of such property.

70.    Similarly, this section provides that "no price shall be advertised as a former price of any advertised thing, unless the alleged former prices was the prevailing market price . . . within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly, and conspicuously stated in the advertisement." Cal. Bus. & Prof. Code § 17501.

71.    Nine West's routine of advertising discounted prices from false "SUGG. RETAIL" prices, which were never the prevailing market prices of those products and were materially greater than the true prevailing prices, was an unfair, untrue, and misleading practice. This deceptive marketing practice gave consumers the false impression that the products were regularly sold on the market for a substantially higher price than they actually were; therefore, leading to the false impression that the Nine West outlet store products were worth more than they actually were.

72.    Nine West misled consumers by making untrue and misleading statements and failing to disclose what is required as stated in the Code alleged above.

CLASS ACTION COMPLAINT

73.    As a direct and proximate result of Nine West's misleading and false advertisements, Plaintiff and the Class have suffered injury in fact and have lost money. As such, Plaintiff requests that this Court order Nine West to restore this money to Plaintiff and all Class members, and to enjoin Nine West from continuing these unfair practices in violation of the UCL in the future.   Otherwise, Plaintiff, Class members, and the broader public will be irreparably harmed and/or denied an effective and complete remedy.

### THIRD CAUSE OF ACTION
**Violation of California's Consumers Legal Remedies Act ("CLRA"),**
**California Civil Code Section 1750, *et seq.***

74.    Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

75.    This cause of action is brought pursuant to the CLRA, Cal. Civ. Code § 1750, *et seq.*  Plaintiff and each member of the proposed Class are "consumers" as defined by Cal. Civ. Code § 1761(d).  Nine West's sale of their merchandise to Plaintiff and the Class were "transactions" within the meaning of Cal. Civ. Code § 1761(e).   The products purchased by Plaintiff and the Class are "goods" within the meaning of Cal. Civ. Code § 1761(a).

76.    Nine West violated and continues to violate the CLRA by engaging in the following practices proscribed by Cal. Civ. Code § 1770(a) in transactions with Plaintiff and the Class which were intended to result in, and did result in, the sale of Nine West products:

      a.    Advertising goods or services with intent not to sell them as advertised; (a)(9);

      b.    Making false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions; (a)(13).

77.    Pursuant to Section 1782(a) of the CLRA, on July 5, 2017, Plaintiff's counsel notified Nine West in writing by certified mail of the particular violations of § 1770 of the CLRA and demanded that it rectify the problems associated with the actions detailed above and give notice to all affected consumers of Nine West's intent to act.

CLASS ACTION COMPLAINT

78.    If Nine West fails to respond to Plaintiff's letter, fails to agree to rectify the problems associated with the actions detailed above, or fails to give notice to all affected consumers within 30 days of the date of written notice, as proscribed by Section 1782, Plaintiff will move to amend her Complaint to pursue claims for actual, punitive, and statutory damages, as appropriate against Nine West. As to this cause of action at this time, Plaintiff seeks only injunctive relief.

## VII.    PRAYER FOR RELIEF

79.    Wherefore, Plaintiff, on behalf of herself and all other members of the Class, requests that this Court award relief against Nine West as follows:

a.    An order certifying the Class and designating Plaintiff as the Class Representative and her counsel as Class Counsel;

b.    Awarding Plaintiff and the proposed Class members damages;

c.    Awarding restitution and disgorgement of all profits and unjust enrichment that Nine West retained from Plaintiff and the Class members as a result of its unlawful, unfair, and fraudulent business practices described herein;

d.    Awarding declaratory and injunctive relief as permitted by law or equity, including: enjoining Nine West from continuing the unlawful practices as set forth herein, and directing Nine West to identify, with Court supervision, victims of its misconduct and pay them all money they are required to pay;

e.    Order Nine West to engage in a corrective advertising campaign;

f.    Awarding attorneys' fees and costs; and

g.    For such other and further relief as the Court may deem necessary or appropriate.

///
///
///

CLASS ACTION COMPLAINT

# VIII.   DEMAND FOR JURY TRIAL

80.    Plaintiff hereby demands a jury trial for all the claims so triable.

Dated: July 5, 2017

**CARLSON LYNCH SWEET
KILPELA & CARPENTER, LLP**

*/s/ Todd D. Carpenter*

Todd D. Carpenter (CA 234464)
402 West Broadway, 29th Floor
San Diego, California 92101
Telephone: (619) 756-6994
Facsimile: (619) 756-6991
tcarpenter@carlsonlynch.com

CLASS ACTION COMPLAINT